UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RANDY L. KEMP,

    Petitioner,

v.

Case No. 16-cv-1166-pp

BRIAN FOSTER, Warden,
Waupun Correctional Institution,[1]

    Respondent.

**ORDER SCREENING §2254 *HABEAS CORPUS* PETITION (DKT. NO. 1), AND ORDERING THE RESPONDENT TO ANSWER OR OTHERWISE RESPOND**

Randy L. Kemp, who is proceeding without a lawyer, filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Dkt. No. 1. He has paid the $5.00 filing fee. The case now is before the court for screening pursuant to Rule 4 of the Rules Governing §2254 Proceedings.

## I.    BACKGROUND

In Racine County Circuit Court, the petitioner was convicted after a jury trial of one count of first degree recklessly endangering safety as party to a crime and two counts of armed robbery as party to a crime. Dkt. No. 1 at 2. The petitioner appealed his conviction, arguing that his due process rights were violated because the evidence adduced at trial was insufficient to support his

---

[1] Brian Foster is the Warden of Waupun Correctional Institution and is the petitioner's present custodian. **The court directs the clerk's office to substitute Mr. Foster as the proper respondent.** See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . .").

1

conviction and the length of his resulting sentence. Id. at 3-4. It appears that he received no relief from the Wisconsin appellate court, and the petitioner alleges that the Wisconsin Supreme Court denied his due process claim. Id. at 4-5. The petitioner subsequently filed this federal *habeas* petition. The petition alleges that his conviction and sentence were imposed in violation of his federal constitutional rights. See generally, id.

## II. THE PETITIONER MAY PROCEED ON THE CLAIMS IN HIS PETITION.

The court now will review, or "screen" the petition. Rule 4 of the Rules Governing §2254 Proceedings says:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

At this stage, the court reviews the petition and its exhibits to determine if the petitioner has set forth claims arising under the Constitution or federal law that are cognizable on *habeas* review, exhausted in the state court system, and not procedurally defaulted.

The petitioner's claims that his conviction was based on insufficient evidence, and that the length of his sentence violates his federal constitutional rights, are generally cognizable on *habeas* review. See e.g., Parker v. Matthews, 132 S. Ct. 2148, 2152-53 (2012) (*per curiam*) (sufficiency of the evidence to support a conviction); McKinley v. Butler, 809 F.3d 908, 909-10 (7th Cir. 2016) (length of sentence); Jones v. Butler, 778 F.3d 575, 581-82 (7th Cir. 2015)

2

(sufficiency of the evidence to support a conviction). At the screening stage, the court expresses no view on the merits of any of the petitioner's claims; the court finds only that the petitioner has stated claims of a type that are generally cognizable on *habeas* review.

Next, in order to decide whether the petitioner's *habeas* case can move forward, the court must determine whether it appears, on the face of the petition, that the petitioner has exhausted his state remedies on these claims. Section 2254 states, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The United States Court of Appeals for the Seventh Circuit has held that a district court judge cannot consider the merits of a petitioner's *habeas* argument "unless the state courts have had a full and fair opportunity to review them." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991). A prisoner exhausts a constitutional claim when he has presented it to the highest state court for a ruling on the merits. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Arrieta v. Battaglia, 461 F.3d 861, 863 (7th Cir. 2006). Once the state's highest court has had a full and fair opportunity to evaluate the merits of the claim, a prisoner is not required to present it again to the state courts. Humphrey v. Cady, 405 U.S. 504, 516 n. 18 (1972).

From the face of the petition and the petitioner's supporting memorandum, it appears that the petitioner has satisfied this requirement; at

this preliminary stage, it appears that he presented his claims to each level of the Wisconsin state courts, and ultimately was denied relief. The court notes, however, that at this stage in the case, the respondent has not had an opportunity to weigh in on the exhaustion question; nothing in this order prevents the respondent from arguing that the petitioner has not exhausted his claims, or from filing pleadings based on that argument.

Finally, the court considers whether the petitioner procedurally defaulted any of his claims. Even if a petitioner has exhausted review of a constitutional claim in the state courts, it is possible that a federal *habeas* court can be foreclosed from reviewing the claim on the merits because of a "procedural default." A criminal defendant "procedurally defaults" a claim—and loses the right to federal *habeas* review—if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). There can be several kinds of state procedural bars, including, but not limited to, failing "to raise a claim of error at the time or in the place that state law requires." Trevino v. Thaler, --- U.S. ---, 133 S. Ct. 1911, 1917 (2013). At this point in the case, the court can discern no procedural default from the face of the petition or the petitioner's supporting memorandum. Therefore the court will allow the claims in the petitioner's *habeas* case to proceed.

4

### III. CONCLUSION

The court **ORDERS** that the petitioner may proceed on the claims in his *habeas* petition.

The court **DIRECTS** the clerk of court to substitute Brian Foster as the respondent.

The court **ORDERS** that within **sixty (60)** days of the date of this order, the respondent shall **ANSWER OR OTHERWISE RESPOND** to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has **forty-five (45) days** after the respondent files his answer to file his brief in support of his petition;

(2) the respondent has **forty-five (45) days** after the petitioner files his initial brief to file the respondent's brief in opposition; and

(3) the petitioner has **thirty (30) days** after the respondent files his opposition brief to file a reply brief, if the petitioner chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion, the respondent must include a brief and other relevant materials in support of the motion. The petitioner then must file a brief in opposition to that motion within **forty-five (45) days** of the date the respondent files the motion. If the respondent chooses to file a reply brief, he must do so within **thirty (30) days** of the date the petitioner files the opposition brief.

5

Pursuant to Civil Local Rule 7(f), briefs in support of or in opposition to the habeas petition and any dispositive motions shall not exceed **thirty (30)** pages, and reply briefs may not exceed **fifteen (15)** pages, not counting any statements of facts, exhibits and affidavits.

Pursuant to the Memorandum of Understanding between the Attorney General and this court, the Attorney General for the State of Wisconsin and Brian Foster, Warden of the Waupun Correctional Institution will receive copies of the petition and this order electronically.

Dated in Milwaukee, Wisconsin this 19th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

6

Case 2:16-cv-01166-DEJ   Filed 09/19/16   Page 6 of 6   Document 6